IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JESSE SCHWORCK and
THE LION OF JUDAH
HOUSE OF RASTAFARI,

      Plaintiffs,

  v.

CITY OF MADISON, JENNIFER
ZILAVY, CLARICE GLOEDE,
BEN ENSTROM, BLAKE HOEFS,
DANIEL PEREZ, KIMBERLY D.
MEYER, JASON FREEDMAN and
KYLE BUNNOW,

      Defendants.

OPINION AND ORDER

Case No. 22-cv-148-wmc

Plaintiffs Jesse Schworck and The Lion of Judah House of Rastafari ("The Lion"), the church Schworck started, filed this lawsuit under 42 U.S.C. § 1983 and federal law, for events that are almost identical to the events underlying their previous lawsuit in this court, *Schworck v. City of Madison*, No. 19-cv-312-wmc (W.D. Wis.) (the "'312 case"). In early 2019, plaintiffs leased property in downtown Madison and began distributing cannabis-related products. The public use and distribution of cannabis products caught the attention of city officials, and in May of 2019 the property where The Lion was operating was searched and Schworck was arrested. In the '312 case, Schworck brought constitutional, Religious Land Use and Institutionalized Persons Act ("RLUIPA") and state law claims just against the city officials involved in handling The Lion's use of the property as a church. On May 6, 2021, this court granted summary judgment in defendants' favor, on the merits of their federal and state law claims, dismissing without prejudice only

plaintiff's state law claims for injunctive relief. *Schworck*, No. 19-cv-312, dkt. #115, *aff'd as modified*, *Schworck v. City of Madison*, 21-2055, 2022 WL 832053 (7th Cir. Mar. 21, 2022). In *this* lawsuit, plaintiffs *also* bring claims under the First and Fourth Amendments, as well as RLUIPA, but this time they challenge the March and May 2019 searches of the property. Plaintiffs seek monetary damages and an injunction prohibiting the State and its agents from further unconstitutional actions. Having been permitted to proceed *in forma pauperis*, Schworck's complaint requires screening. 28 U.S.C. § 1915(e)(2). Since this court's consideration of plaintiffs' proposed claims in this lawsuit will interfere with an ongoing state court criminal proceeding, the court will abstain from exercising jurisdiction and stay this matter.

## ALLEGATIONS OF FACT[1]

On behalf of himself and The Lion, plaintiff Jesse Schworck seeks to proceed against the City of Madison and the following individual defendants, all of whom appear to be current or former City of Madison employees: Jennifer Zilavy, Clarice Gloede, Ben Enstrom, Blake Hoefs, Daniel Perez, Kimberly Meyer, Jason Freedman and Kyle Bunnow.

On April 13, 2018, Schworck incorporated The Lion in the State of Wisconsin as a non-profit church. The mission of The Lion is to freely exercise the Rastafari religion, which included growing, using, possessing and distributing cannabis products to members of the church. The mission further provided that The Lion accepts donations or barter in

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

exchange for those products.  At around that time, plaintiffs began renting a building in downtown Madison, Wisconsin, from Charanjeet Kaur, the property owner, for the purpose of conducting services and sharing religious sacrament (meaning cannabis products).  In February or March of 2019, the church moved to a different location in Madison.

On March 26, 2019, Madison police officers and defendants, Gloede, Enstrom, Hoefs and Perez went to The Lion due to a noise complaint.  Schworck claims that the noise complaint was a pretext to search the premises because the officers questioned Schworck about the "Cannabis" sign in his windows.  During questioning, one of the officers slid his foot in the door and entered the church.  The officers seized cannabis, marijuana and other property items used for smoking.

On April 1, Schworck was interviewed on Channel 3000/News 3's YouTube website about the church's activities, and on April 24, the same channel aired an interview with defendant Zilavy, who allegedly commented that The Lion was not a legitimate church and instead was "a front to sell marijuana."  (Compl. (dkt. #1) ¶ 31.)  Schworck claims that other news outlets perpetuated Zilavy's defamatory comments, causing injury.

On May 29, 2019, a search warrant was executed on The Lion's property. Defendants allegedly seized the cannabis products, $10,000 in cash, $50,000 in a church bank account, growing equipment and other church property.

Publicly available records show that in 2019 Schworck was criminally charged in Dane County Circuit Court, on charges that included manufacturing and delivering marijuana, possessing with intent to deliver, maintaining a drug trafficking place, battery

3

and use of a dangerous weapon. *State v. Schworck,* Case Nos. 2019CF1228 (Dane Cnty.), available at https://wcca.wicourts.gov (last visited July 5, 2022). The offense dates for those charges are April 12, 2019, May 9, 2019, May 24, 2019, May 28, 2019, and May 29, 2019, and the case is scheduled for a jury trial to begin September 1, 2022.

OPINION

Plaintiffs seek to proceed against all defendants on First and Fourth Amendment claims under § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and under state law, for the events related to the search of the property and the criminal charges. However, in these circumstances the court is required to abstain from considering *any* of the claims they are pursuing in this court because Schworck's criminal proceedings arose from these same events and remain pending. Under *Younger v. Harris*, 401 U.S. 37, 45 (1971), federal courts are required to show proper respect for state judicial systems and abstain from issuing orders that would interfere with ongoing state criminal prosecutions, except in limited circumstances not present here. Indeed, "[f]ederal courts generally may not intervene in ongoing state criminal proceedings." *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018). Since Schworck's claims in this lawsuit would require analysis of the facts and circumstances related to his criminal proceedings, resolving his claims in this lawsuit likely would impact, if not outright interfere with, his criminal case.

The court will stay this matter and direct the clerk of court to administratively close it. Schworck may move to reopen this case at the conclusion of his criminal proceedings, which include all appeals and any relevant state collateral review proceedings. *See Wilson*

4

*v. Ill. Dep't of Fin. & Prof'l Regulation*, 871 F.3d 509, 513 (7th Cir. 2017); *Gakuba v. O'Brien*, 711 F.3d 751, 753-54 (7th Cir. 2013) (finding that when a plaintiff seeks monetary damages related to an on-going state proceeding, a stay, rather than dismissal without prejudice, is necessary to preserve the plaintiff's civil rights damages claims).

Without screening any of the claims in this lawsuit, the court makes two observations that Schworck should consider when seeking to reopen this lawsuit.

*First,* it appears that defendant Kyle Bunnow should be immediately dismissed from this lawsuit, for two reasons. This court addressed the merits of his claim against Bunnow in the '312 case, finding in Bunnow's favor on the merits of Schworck's religious freedom claims against this defendant. Additionally, although Bunnow is named as a defendant he is not mentioned as being personally involved in *any* of the events related to plaintiffs' claims, suggesting that this defendant is subject to dismissal for lack of personal involvement as well. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted).

*Second*, the outcome of Schworck's criminal proceedings may impact the viability of this lawsuit. Specifically, monetary damages are not available for claims that challenge the validity of Schworck's past convictions without first establishing that the conviction or convictions have been invalidated. *See Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020) (*en banc*) (no cause of action under § 1983 until the plaintiff received a favorable termination of his conviction). In particular, the United States Supreme Court held, in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff is precluded from bringing claims

5

for damages if a judgment in his favor undermines the validity of his conviction or sentence, unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Schworck maintains his innocence because his conduct was consistent with his sincerely held religious beliefs, which he believes should trump any laws prohibiting the possession and/or distribution of cannabis related products. If he is found guilty of any of the drug-related charges against him, the limits of *Heck* appear to apply. Schworck should carefully consider these two issues when his criminal case concludes.

ORDER

IT IS ORDERED that:

1. The court ABSTAINS from exercising jurisdiction over plaintiff's claims in this lawsuit, pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971).

2. This matter is STAYED, pending resolution of plaintiff's pending state criminal proceedings, including any relevant state collateral review proceedings. The clerk of court is directed to administratively close this case.

Entered this 12th day of July, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge